LODGED

2012 AUG -2 PM 2: 21

FILED
CLERK U.S DISTRICT COURT
AUG - 9 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| JAMEY D. JIMERSON, | CASE NUMBER |
| | CV12- 6679 UA (DUTYx) |
| V.         PLAINTIFF(S) | |
| NATIONWIDE CREDIT INC., | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE |
| DEFENDANT(S) | |

**IT IS ORDERED** that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____        _____
Date                            United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency.              ☐ District Court lacks jurisdiction.
☐ Legally and/or factually patently frivolous   ☐ Immunity as to _____
☒ Other:  See Attached
Comments:

8/6/12                          _____
Date                            United States Magistrate Judge

**IT IS ORDERED** that the request of plaintiff to file the action without prepayment of the filing fee is:
    ☐ GRANTED     ☒ DENIED (See comments above).

8-8-2012                        _____
Date                            United States District Judge

CV-73A (01/10)            ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

Jamey D. Jimerson v. Nationwide Credit, Inc., <u>et al.</u>
No. CV 12-6679 UA (JC)

IT IS RECOMMENDED that the Court deny Plaintiff's Request to Proceed In Forma Pauperis ("IFP Application").

Plaintiff Jamey D. Jimerson ("plaintiff"), who is at liberty and proceeding *pro se*, lodged a complaint ("Complaint") with attached exhibits ("Complaint Exhibit" or "Complaint Ex.") raising claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 <u>et seq.</u>, against defendant Nationwide Credit, Inc. ("defendant") and ten unnamed defendants ("Doe Defendants"). Liberally construed, the Complaint essentially alleges that defendant violated the FCRA by (1) requesting a copy of plaintiff's Experian consumer credit report ("credit report") for an impermissible purpose; (2) inaccurately reporting on plaintiff's credit report "a presumed credit transaction involving the Plaintiff"; and (3) taking "Adverse Action resulting in unfavorable changes to plaintiff's [] credit report." (Complaint at 5-6). Plaintiff also essentially alleges that defendant made false statements about its alleged permissible purpose for obtaining plaintiff's credit report which evidences a "pattern of willful noncompliance" with FCRA. (Complaint at 6). Plaintiff seeks monetary damages, as well as costs, interest and attorney's fees. (Complaint at 6-7).

An IFP request may be denied if the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e). Plaintiff's IFP Application should be denied for at least the following reasons:

First, plaintiff fails to state a FCRA claim because the Complaint does not plausibly allege that the request in issue was made under false pretenses or for an impermissible purpose. "FCRA imposes civil liability against '[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose . . . .'"[1] <u>Tonini v. Mandarich Law Group, LLP</u>, 2012 WL 2726761, *3 (S.D. Cal. July 09, 2012) (citing 15 U.S.C. §§ 1681n(b); <u>Rush v. Macy's New York, Inc.</u>, 775 F.2d 1554, 1557 (11th Cir. 1985) ("[C]ivil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who

---

[1] A consumer report is any communication which contains "information by a consumer reporting agency bearing on a consumer's credit worthiness. . . ." 15 U.S.C. § 1681a(d)(1).

willfully or negligently violates the FCRA.")). One "permissible purpose" for obtaining a consumer report is where a person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Here, in a letter dated February 17, 2012 – which plaintiff attached as an exhibit to the Complaint and incorporated therein by reference – defendant stated that it "is a debt collection agency" and that "[a]n inquiry would be performed by [defendant] in connection with the collection of a debt." (Complaint at ¶¶ 17-18; Complaint Ex. D). Thus, plaintiff fails to state a viable FCRA claim predicated on allegations that defendant obtained a copy of plaintiff's credit report for an improper use. See Pyle v. First National Collection Bureau, 2012 WL 1413970, *3 (E.D. Cal. Apr. 23, 2012) ("[O]ne of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) [is to] permit a collection agency retained by a creditor to collect on an account of the consumer.") (citing 15 U.S.C. § 1681b(a)(3)(A)).

Plaintiff alleges that defendant lacked a permissible purpose for requesting plaintiff's credit report because defendant's letter "did not provide . . . documentation of a credit transition [sic] involving Plaintiff and Defendant." However, defendant's request for plaintiff's credit information constitutes a request "in connection with a credit transaction involving [plaintiff]" since defendant was allegedly attempting to collect a debt incurred by plaintiff with another creditor. See Pintos v. Pacific Creditors Association, 565 F.3d 1106, 1113 (9th Cir. 2009), as amended on denial of rehearing, 605 F.3d 665 ("a person is 'involved' in a credit transaction for purposes of § 1681b(a)(3)(A)" where the person "initiated the [] transaction"), cert. denied, 131 S. Ct. 900 (2011); see, e.g., McNall v. Credit Bureau of Josephine County, 689 F. Supp. 2d 1265, 1274 (D. Or. 2010) (debt collector's request for plaintiffs' credit report in its attempt to collect a debt related to plaintiff's son's medical bills was permissible where plaintiff "initiated the transaction" which lead to creditor medical center providing medical care to son).

Second, plaintiff fails to state a viable FCRA claim predicated on defendant's alleged furnishing of inaccurate information to Experian regarding plaintiff's credit. Although FCRA prohibits the reporting of inaccurate credit

information to credit reporting agencies like Experian, there is no private right of action based on such a violation. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (no private right of action based on violations of FCRA Section 1681s-2(a) which prohibits furnishers of credit information from "reporting information with actual knowledge of errors") (citing 15 U.S.C. §§ 1681s-2(c) & (d)), cert. denied, 131 S. Ct. 71 (2010).

Finally, the Complaint does not allege any misconduct on the part of the Doe Defendants, and thus fails to state a claim for relief against such defendants.

Consequently, plaintiff's IFP Application should be denied.